# United States Court of Appeals for the Second Circuit

THE STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,

*Petitioners,*

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, in his official capacity as Secretary of the Department of Transportation; FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; DEREK BARRS, in his official capacity as Administrator of the Federal Motor Carrier Safety Administration,

*Respondents.*

## PETITION FOR REVIEW

BARBARA D. UNDERWOOD
 *Solicitor General*
ESTER MURDUKHAYEVA
 *Deputy Solicitor General*
ANTHONY R. RADUAZO
 *Assistant Solicitor General*
ZOE LEVINE
 *Special Counsel*
MATTHEW L. CONRAD
 *Assistant Attorney General*
  *of Counsel*

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Petitioners
28 Liberty Street
New York, New York 10005
(212) 416-6159

Dated: April 24, 2026

## PETITION FOR REVIEW

The State of New York and the New York State Department of Motor Vehicles (DMV) petition for review, under 28 U.S.C. §§ 2342(3)(a) and 2344, and Federal Rule of Appellate Procedure 15(a),[1] of the Federal Motor Carrier Safety Administration's (FMCSA) April 16, 2026 Final Determination of Substantial Noncompliance.[2] That determination followed FMCSA's 2025 annual review of petitioners' commercial driver's license (CDL) program. According to FMCSA's final determination, DMV failed to comply with federal standards for issuing CDLs to nondomiciled individuals, as set forth in 49 C.F.R. § 384.212(a),[3] by issuing CDLs to nondomiciled individuals with expiration dates exceeding those listed on the drivers' lawful presence documents presented at the time of issuance. As a penalty for petitioners' purported noncompliance, FMCSA's determi-

---

[1] *See also* 49 C.F.R. § 384.307(e) (State aggrieved by adverse decision of FMCSA program review may seek judicial review under 5 U.S.C. ch. 7).

[2] The FMCSA is a subunit of the U.S. Department of Transportation. The respondents in this action are: United States Department of Transportation; Sean Duffy, in his official capacity as Secretary of the Department of Transportation; Federal Motor Carrier Safety Administration; and Derek Barrs, in his official capacity as Administrator of the Federal Motor Carrier Safety Administration.

[3] Citations to FMCSA's regulations herein refer to those provisions as they existed prior to September 2025.

nation advises that approximately $73.5 million in National Highway Performance Program and Surface Transportation Block Grant Program funds will be withheld from the State of New York beginning in Fiscal Year 2027. According to the final determination, these withheld funds are no longer available for apportionment to the State of New York in future years. These funds provide for the safety, maintenance, and reliability of New York's entire transportation system; even delays endanger the safety of motorists and pedestrians. The determination further provides that, as result, of FMCSA's finding, DMV's CDL program may be subject to decertification, pursuant to 49 U.S.C. § 31312 and 49 C.F.R. § 384.405, and additional funds may be withheld from petitioners in future years—amounting to approximately $147 million annually—if DMV fails to take certain "corrective actions" outlined in the final determination, including cancellation of thousands of previously issued CDLs.

DMV petitions this Court for review of FMCSA's Final Determination of Substantial Noncompliance on the grounds that it is arbitrary and capricious; an abuse of discretion; not in accordance with law; without observance of procedure required by law; in excess of FMCSA's statutory jurisdiction, authority, or limitations; and unsupported by substantial evidence. *See* 5 U.S.C. § 706(2)(A), (C)-(E). Among

other flaws, FMCSA's final determination is predicated on an erroneous reading of its own long-standing regulations governing the issuance of CDLs to nondomiciled individuals, and the relevant standards for establishing a finding of substantial noncompliance. FMCSA's decision does not acknowledge that its novel interpretation of these preexisting regulations represents a substantive change in agency position, and it has failed to account for the substantial reliance interests that this change upends. For these and other reasons, petitioners ask that FMCSA's final determination be held unlawful and set aside.

Petitioners seek this Court's review under the Hobbs Administrative Orders Review Act. 28 U.S.C. § 2342(3)(A). Because FMCSA issued its Final Determination of Substantial Noncompliance on April 16, 2026, this petition for review is timely. 28 U.S.C. § 2344. As petitioners reside in New York, venue is proper under 28 U.S.C. § 2343.

A copy of FMCSA's April 16, 2026 Notice of Final Determination of Substantial Noncompliance is submitted with this petition.

3

Dated: New York, New York
April 24, 2026

Respectfully submitted,

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Petitioners

By:    */s/ Anthony R. Raduazo*
ANTHONY R. RADUAZO
Assistant Solicitor General

BARBARA D. UNDERWOOD
 *Solicitor General*
ESTER MURDUKHAYEVA
 *Deputy Solicitor General*
ZOE LEVINE
 *Special Counsel*
 *for Immigrant Justice*
MATTHEW L. CONRAD
 *Assistant Attorney General*

4

## ADDENDUM TO PETITION

**Petitioners**: State of New York; New York State Department of Motor Vehicles

**Respondents**: United States Department of Transportation; Sean Duffy, in His Official Capacity as Secretary of the Department of Transportation; Federal Motor Carrier Safety Administration; Derek Barrs, in His Official Capacity as Administrator of the Federal Motor Carrier Safety Administration

The U.S. Department of Justice attorneys named below represent the respondents and have consented to accept service of papers on behalf of all respondents.

Bradley A. Hinshelwood
Gabriel I. Schonfeld
Simon G. Jerome
Attorneys, Appellate Staff
Civil Division, Room 7209
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(212) 514-1673
Simon.G.Jerome@usdoj.gov