**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 26-1097

Caption [use short title]

Motion for: Unopposed Motion to Expedite*

*Respondents do not oppose petitioners' request except as to petitioners'

request for an abbreviated deadline to file the administrative record

The State of New York et al.

v.

U.S. Department of Transportation et al.

Set forth below precise, complete statement of relief sought:

Expedite case; enter abbreviated briefing scheduling;

set case for oral argument during an appropriate

August 2026 sitting.

MOVING PARTY: See addendum.

OPPOSING PARTY: See addendum.

☐ Plaintiff   ☐ Defendant

☒ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Anthony R. Raduazo

OPPOSING ATTORNEY: See addendum.

[name of attorney, with firm, address, phone number and e-mail]

Office of the New York State Attorney General

28 Liberty Street, New York, NY 10005

(212) 416-6159; anthony.raduazo@ag.ny.gov

Court- Judge/ Agency appealed from: Federal Motor Carrier Safety Administration

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☒ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes   ☐ No

Has this relief been previously sought in this court?   ☐ Yes   ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?   ☐ Yes   ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ☒ No   If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Anthony R. Raduazo   Date: April 24, 2026   Service: ☒ Electronic   ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

## ADDENDUM TO MOTION INFORMATION STATEMENT

**Petitioners:** The State of New York; New York State Department of Motor Vehicles

**Respondents:** United States Department of Transportation; Sean Duffy, in his official capacity as Secretary of the Department of Transportation; Federal Motor Carrier Safety Administration; Derek Barrs, in his official capacity as Administrator of the Federal Motor Carrier Safety Administration

**Attorneys for Respondents:**

Bradley A. Hinshelwood
Gabriel I. Schonfeld
Simon G. Jerome
Attorneys, Appellate Staff
Civil Division, Room 7209
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(212) 514-1673
simon.g.jerome@usdoj.gov
*Counsel for Respondents*

Counsel for respondents have been notified of the motion and do not oppose the relief requested, except as to petitioners' request for an abbreviated deadline to file the administrative record, which respondents oppose.

It is unknown whether counsel for respondents intend to file a response.

## UNOPPOSED MOTION TO EXPEDITE

Petitioners the State of New York and the New York State Department of Motor Vehicles, by and through their counsel Letitia James, Attorney General of the State of New York, respectfully move this Court to expedite this case by entering an abbreviated briefing schedule and by setting the case for oral argument during an available August 2026 sitting. Counsel for respondents United States Department of Transportation; Sean Duffy in his official capacity as Secretary of the Department of Transportation; Federal Motor Carrier Safety Administration; and Derek Barrs in his official capacity as Administrator of the Federal Motor Carrier Safety Administration do not oppose the relief requested in this motion, except as to petitioners' request for an abbreviated deadline to file the administrative record, which respondents oppose.

## BACKGROUND

The New York State Department of Motor Vehicles (DMV) issues commercial driver's licenses (CDLs) pursuant to safety and testing standards set out by federal statute and regulations promulgated by the Federal Motor Carrier Safety Administration (FMCSA). *See* 49 U.S.C. § 31305(a); 49 C.F.R. §§ 384.201-384.236. As is permitted under federal

1

law, DMV issues CDLs to certain drivers who are domiciled in a foreign jurisdiction but live in the United States, so long as those drivers meet federal and state requirements. *See* 49 U.S.C. § 31311(a)(12)(B).

Under the federal standards applicable during the relevant period here, nondomiciled individuals who applied for a CDL were required to meet all of the same safety and testing standards required of any other CDL applicant—but in lieu of providing proof of citizenship or legal residence with an application, nondomiciled individuals were required to provide an unexpired employment authorization document, or an unexpired foreign passport accompanied by an approved I-94 form. *See* 49 C.F.R. §§ 384.212(a), 383.71(f)(2)(i), 383.23(b).[1] In addition, DMV has, for many years, issued licenses with an expiration date of no more than eight years after issuance for all CDLs alike—in line with FMCSA's regulations applicable to the issuance of CDLs generally, including CDLs issued to nondomiciled individuals. *See* 49 C.F.R. § 383.73(b)(9); *see also id.* § 383.73(f)(2) (providing for "identical" procedures for issuance of nondomiciled CDLs apart from three exceptions not relevant here).

---

[1] Citations to FMCSA's regulations herein refer to those provisions as they existed prior to September 2025.

FMCSA regularly audits states' CDL programs—including DMV's CDL program—in an "Annual Program Review" to ensure that each participating state is in substantial compliance with federal rules. *See* 49 C.F.R. §§ 384.307(a), 384.309(a)(2). Until its most recent Annual Program Review, FMCSA has never found DMV to be in substantial noncompliance with federal requirements.

On April 16, 2026, FMCSA issued petitioners a Final Determination of Substantial Noncompliance following FMCSA's annual review of DMV's CDL program for the 2025 year. The determination claims that, in certain instances, DMV failed to comply with federal requirements by issuing CDLs to nondomiciled individuals with expiration dates exceeding those listed on the drivers' lawful presence documents presented at the time of issuance. FMCSA's determination identifies no relevant federal statute or regulation that imposed such a requirement on DMV during the annual review period in question, or at the time the relevant licenses were issued. Nor does the determination identify any other purported deficiency in DMV's CDL program warranting a finding of substantial noncompliance.

3

As a penalty for DMV's purported noncompliance, FMCSA's determination advises that approximately $73.5 million in National Highway Performance Program and Surface Transportation Block Grant Program funds allocated to the State of New York will be withheld beginning in Fiscal Year 2027. According to the final determination, these withheld funds are no longer available for apportionment to the State of New York in future years, and FMCSA's finding of substantial noncompliance may be grounds for decertifying DMV's CDL program in its entirety—despite the fact that DMV's supposed noncompliance has no bearing on its issuance of CDLs to applicants domiciled in the State. The determination further provides that the State of New York will be subject to additional withholding of funds in future years—amounting to approximately $147 million annually—if DMV fails to take certain "corrective actions" outlined in the final determination, including cancellation of thousands of previously issued CDLs.

Pursuant to 28 U.S.C. §§ 2342(3)(a) and 2344, and Federal Rule of Appellate Procedure 15(a),[2] the State of New York and DMV have filed

---

[2] *See also* 49 C.F.R. § 384.307(e) (State aggrieved by adverse decision of FMCSA program review may seek judicial review under 5 U.S.C. ch. 7).

with this Court a petition for review to challenge the Final Determination of Substantial Noncompliance on the grounds that it is arbitrary and capricious; an abuse of discretion; not in accordance with law; without observance of procedure required by law; in excess of FMCSA's statutory jurisdiction, authority, or limitations; and unsupported by substantial evidence. *See* 5 U.S.C. § 706(2)(A), (C)-(E).

## THE PROCEEDING SHOULD BE EXPEDITED

Expedited briefing is appropriate here because the petition raises important legal issues that are time-sensitive. As a result of FMCSA's determination, more than $73 million in federal highway funding will be withheld from the State, starting on October 1, 2026. These funds are slated to be used for maintenance and safety upgrades to New York's roads, bridges, culverts, and other transportation infrastructure through-out the State. Even if restored at a later date, disruption of this funding could cause severe harms to the State, including cancellation or delay of these critical projects. In addition, FMCSA's Annual Program Review for the 2026 year is set to begin in several months. Prompt resolution of the legal issues raised here is needed to clarify petitioners' legal obligations so they can take appropriate steps, as needed, to avoid future withhold-

ings with respect to the 2026 Annual Program Review or decertification of DMV's CDL program.

Given these exigencies, petitioners ask this Court to adopt an abbreviated briefing schedule that will allow this Court to issue a decision by October 1, 2026. The parties have conferred and propose a schedule that grants each side 45 days to file their opening briefs, followed by 11 days for petitioners' reply brief. The parties further propose that the case be set for argument during an available August 2026 sitting. The proposed briefing and argument schedule is:

Respondents to File Administrative Record: May 25[3]

Petitioners' Opening Brief: Monday, June 8

Respondents' Brief: Thursday, July 23

Petitioners' Reply Brief: Monday, August 3

Oral Argument: August 2026

The proposed briefing and argument schedule provides sufficient time to brief the complex legal issues presented. At the same time, it

---

[3] Respondents oppose petitioners' request for an abbreviated deadline to file the administrative record.

6

ensures that the appeal will be heard prior to the start of Fiscal Year 2027.

Therefore, petitioners respectfully request that this unopposed motion to expedite be granted.

Dated: New York, New York
April 24, 2026

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Petitioners

BARBARA D. UNDERWOOD                   By:  */s/ Anthony R. Raduazo*
  *Solicitor General*                  ANTHONY R. RADUAZO
ESTER MURDUKHAYEVA                     Assistant Solicitor General
  *Deputy Solicitor General*
ZOE LEVINE
  *Special Counsel for*
    *Immigrant Justice*
MATTHEW L. CONRAD
  *Assistant Attorney General*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Anthony R. Raduazo, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 1,125 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).


*/s/ Anthony R. Raduazo*
Anthony R. Raduazo